**Warren J. COPE**

v.

**David MATHEWS, Secretary of Health, Education and Welfare.**

**Civ. No. 3–75–226.**

United States District Court, E. D. Tennessee, N. D.

March 17, 1976.

---

16. Another of the practical problems presented by a request for non-English proceedings.

James E. Foglesong, Knoxville, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an action for review of the final decision of the Secretary of Health, Education and Welfare pursuant to the Federal Coal Mine Health and Safety Act, 30 U.S.C. § 901 *et seq.* Before the Court is plaintiff's motion for summary judgment in which he contends that the Secretary's decision denying benefits is not supported by substantial evidence.

Plaintiff is a seventy-four year old ex-coal miner who states that he worked in the coal mining industry for forty or forty-two years. It appears from the record that

approximately seventy-five per cent of this time consisted of employment as a mining engineer or mine superintendent. He testified at the administrative hearing that, as an engineer and superintendent, he spent fifty to eighty per cent of his time in underground mines where he was exposed to dusty conditions. (Tr. 37, 50). The Hearing Examiner found that plaintiff had more than fifteen years of underground coal mine employment. (Tr. 15).

■ Since plaintiff demonstrated fifteen or more years' employment, he became eligible, upon a proper showing, for the rebuttable presumption of 30 U.S.C. § 921(c)(4) and 20 C.F.R. § 410.414(b) that any totally disabling chronic respiratory or pulmonary impairment from which he suffers is pneumoconiosis. This presumption was recently examined by Judge Lively in *Ansel v. Weinberger*, 529 F.2d 304 (6th Cir. 1976).

■ The following elements must be proved to raise the presumption: (1) a chronic respiratory or pulmonary impairment, (2) a total disability and (3) the primary cause of the total disability is the chronic respiratory or pulmonary impairment.

■ Once these elements are established, there is a presumption that a claimant's chronic respiratory or pulmonary impairment is pneumoconiosis. The presumption can be rebutted only by substantial evidence showing that the claimant's pneumoconiosis did not arise out of his coal mine employment or that his chronic lung impairment is not pneumoconiosis. Judge Lively indicated in *Ansel, supra,* that negative X-ray interpretations or negative pulmonary function studies cannot be relied on to rebut the presumption. 529 F.2d at 309.

The record in the present case suggests that plaintiff may have presented evidence sufficient to raise the presumption. In respect to the first element, a chronic respiratory or pulmonary impairment, Dr. Herbert White stated, among other things, that

plaintiff suffered from pulmonary emphysema.[1] Plaintiff testified at the administrative hearing that he has been short of breath since 1955, that he produces phlegm, that his breathing problems make it difficult for him to sleep, and that he experiences dizziness and smothering attacks. This testimony, if credible, is consistent with the presence of a chronic respiratory or pulmonary impairment. Neither Dr. White's diagnosis nor plaintiff's testimony seems to have been directly contradicted.

Whether plaintiff has satisfied the second element—the existence of a total disability—appears to be controlled by *Ansel v. Weinberger, supra.* A claimant is totally disabled if he is unable to engage "in gainful employment requiring the skills and abilities comparable to those of any employment in a mine or mines in which he previously engaged with some regularity and over a substantial period of time." 30 U.S.C. § 902(f). In *Ansel,* the Court relied on lay testimony and the uncontradicted statements of two doctors in holding that the plaintiff therein was totally disabled. 509 F.2d at 309. The Court rejected the Secretary's contention that plaintiff was not totally disabled because his pulmonary function studies failed to satisfy the interim criteria. *Id.* at 308, 309.

■ The present case is factually similar to *Ansel* with respect to the question of total disability. Two doctors, Dr. White and Dr. Smith, concluded that plaintiff is totally disabled (Tr. 98, 106). Plaintiff testified that he had to leave the underground mines because of breathing problems (Tr. 43) and that he is presently unable to do gardening work or walk more than two hundred feet without losing his breath. (Tr. 43). The Secretary seems to have relied primarily on plaintiff's negative pulmonary function studies to find that he is not totally disabled. (Tr. 14). The record, however, is devoid of any evidence that plaintiff is physically capable of performing comparable and gainful work. On the basis

---

1. The Hearing Examiner apparently considered Dr. White's diagnosis credible as he relied on Dr. White's X-ray interpretations to support

the finding that plaintiff's X-rays did not demonstrate the existence of pneumoconiosis. (See Tr. 13).

of *Ansel,* we are constrained to hold that there is no substantial evidence to support a finding that plaintiff is not totally disabled.

The final element that plaintiff must prove to raise the presumption is that his alleged chronic respiratory or pulmonary impairment is the primary reason for his total disability. The evidence on this element was not sufficiently developed by the Hearing Examiner to permit review of his finding that plaintiff did not have a totally disabling chronic respiratory or pulmonary impairment. The Hearing Examiner alluded to plaintiff's age and eye problems as plaintiff's primary problems (Tr. 15), yet no medical evidence was pointed to in support of this conclusion.[2] *See Ansel v. Weinberger,* at 308. On the other hand, two doctors suggested that plaintiff was totally disabled because of his lung condition, but they did not indicate whether plaintiff's age and eye problems were considered in reaching this conclusion. (*See* Tr. 98, 106).

 Neither the Secretary nor the plaintiff had the benefit of *Ansel* during the course of the administrative process. Accordingly, this action is remanded with instructions to make specific findings and conclusions on the following issues:

(1) does plaintiff suffer from a chronic respiratory or pulmonary impairment?

(2) what is the primary reason for plaintiff's present inability to engage in comparable and gainful employment?

If the Secretary should find, in light of *Ansel,* that plaintiff is totally disabled primarily because of a chronic respiratory or pulmonary impairment, then the Secretary should further determine whether the presumption has been rebutted by substantial evidence that plaintiff's pneumoconiosis did not arise out of coal mine employment or that he does not have pneumoconiosis.

Order Accordingly.

**2.** Plaintiff testified that he is receiving Social Security disability benefits because of his eye problems. (Tr. 38). Although this lends some support to the Hearing Examiner's conclusion,

the regulations provide that such evidence shall not be determinative of whether or not a claimant is totally disabled due to pneumoconiosis. 20 C.F.R. § 410.470.